UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NICHOLAS BRUCK,

        Plaintiff,

  v.

WALGREEN CO., a foreign corporation,

        Defendant.

C24-1803 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Plaintiff's Motion to Disqualify Defense Counsel, docket no. 10, is GRANTED. Washington's Rule of Professional Conduct ("RPC") 1.9 sets forth lawyers' duties to former clients and provides that "[a] lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing." To determine whether a violation of RPC 1.9 requires disqualification, "the burden of proof rests 'upon the firm whose disqualification is sought.'" FMC Tech., Inc. v. Edwards, 420 F. Supp. 2d 1153, 1158 (W.D. Wash. 2006) (quoting Amgen, Inc. v. Elanex Pharms., Inc., 160 F.R.D. 134, 139–40 (W.D. Wash. 1994)). Courts may disqualify an attorney for not only acting improperly but also for failing to avoid the appearance of impropriety. Gas-A-Tron of Arizona v. Union Oil Co. of California, 534 F.2d 1322, 1324–25 (9th Cir. 1976). In cases where a conflict of interest is asserted, courts should resolve any doubts in favor of disqualification. REC Solar Grade Silicon, LLC v. Shaw Grp., Inc., 2010 WL 11561252, at *8 (E.D. Wash. Nov. 5, 2010).

MINUTE ORDER - 1

The Ogletree Deakins attorneys previously represented Plaintiff and Defendant Walgreen Co. in the Ashley matter for approximately two months in April-June 2023 ("Representation Period."). Plaintiff, a former district manager for Walgreen, had extensive discussions and exchanged various documents with the Ogletree Deakins attorneys during that time. Decl. of Nicholas Bruck (docket no. 10-7 at 2–3). During that time, Bruck also exchanged substantial information with the attorneys about his interactions with Jaime Ashley. As further explained below, there is a substantial risk that in the course of this representation, lawyers associated with Ogletree Deakins might have acquired information related to the subject matter of the present case. Disqualification is required. See RPC 1.9 cmts. 1, 3 ("Matters are 'substantially related' for purposes of this Rule if . . . there otherwise is a substantial risk that confidential factual information as would normally have been obtained in the prior representation would materially advance the client's position in the subsequent matter.").

Prior to that Representation Period, Plaintiff had filed an EEOC complaint against Walgreen to determine whether, under Washington law, Plaintiff's termination on October 5, 2021, was for misconduct. After a contested hearing, the Administrative Law Judge ("ALJ") issued an Initial Order dated April 3, 2023, finding Walgreens had failed to establish misconduct. At all times during the pendency of the Administrative Proceeding, Walgreen was adverse to Plaintiff and had actual notice of the Initial Order sent to Walgreen on April 3, 2023. Initial Order at 1, 8–9 (docket no. 14-7). The present action filed thereafter involves claims by Plaintiff against Walgreen for wrongful termination and retaliation arising from the same termination.

Walgreen's Response, docket no. 12 at 3, to the instant motion suggests that Bruck "concealed" the filing of the EEOC charge "from Walgreens and its counsel." See also Decl. of Adam Pankratz (docket no. 13 at ¶ 8). The Court rejects this contention. In fact, at all times material, Walgreen knew of the charges filed a year before, actively participated in the hearing before the ALJ, and received a copy of the Initial Order before the Ogletree Deakins attorneys ever had contact with Plaintiff. Walgreen had a duty to disclose these facts to its attorneys and cannot now complain that it must now employ new counsel in this case. In fact, the Pankratz declaration states that "if Bruck had disclosed his Charge at that time, Ogletree *would not* have offered to jointly represent him and Walgreens." Id. (emphasis added). The Court agrees with Plaintiff and finds that Ogletree should never have made such an offer or represented Plaintiff in this action and must withdraw. The Court also concludes that the signed joint waiver agreement does not require a different result.

(2) The Court hereby EXTENDS the following deadlines: FRCP 26(f) Conference Deadline is now February 24, 2025, Initial Disclosures Deadline is now March 10, 2025, and Joint Status Report is now due by March 10, 2025.

MINUTE ORDER - 2

(3)    The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 17th day of January, 2025.

                          Ravi Subramanian
                          Clerk

                          s/Laurie Cuaresma
                          Deputy Clerk

MINUTE ORDER - 3