UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NICHOLAS BRUCK,<br><br>        Plaintiff,<br><br>  v.<br><br>WALGREEN CO., a foreign corporation,<br><br>        Defendant. | C24-1803 TSZ<br><br>MINUTE ORDER |

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1)   Defendant Walgreen Co.'s Motion for Reconsideration, docket no. 16, is GRANTED.  Plaintiff has failed to establish that the Washington State Human Rights Commission sent any Notice of Plaintiff's Complaint of Discrimination, docket no. 13-1, prior to June 1, 2023.  The record contains no evidence that Defendant received the Notice prior to or during the approximately two-month period of Ogletree's representation of Plaintiff in the lawsuit that was initiated by Jamie Ashley (the "Ashley Matter") before June 1, 2023.  See Exs. 2–3 to Pankrat Decl. (docket no. 13-2 at 2, 15; docket no. 13-3 at 2).

Under Washington's Rule of Professional Conduct 1.9(a), a "lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing."  Matters are "substantially related" for purposes of this Rule if they involve the same transaction or legal dispute or if there otherwise is a substantial risk that confidential factual information as would normally have been obtained in the prior representation would materially advance the client's position in the

MINUTE ORDER - 1

subsequent matter. RPC 1.9(a), cmt. 3. The former client bears the burden of showing that matters are substantially related. Plein v. USAA Cas. Ins. Co., 195 Wn.2d 677, 687 (2020).

Plaintiff does not refute Defendant's claim that this case and the Ashley Matter do not involve the same legal dispute. Instead, Plaintiff states that during the brief period that Ogletree represented him, Plaintiff had "multiple discussions" with Ogletree, "brought up [his] termination and how upset [he] was at Walgreens", and was "made to feel very uncomfortable" after Ogletree attorneys stated that he was not to discuss his termination with them and only talk about the Ashley Matter. Ex. 8 to Second McCanna Decl. (docket no. 14-9 at 2). Plaintiff is not required to reveal the confidential information learned by Ogletree "in order to establish a substantial risk" that Ogletree has confidential information to use in this case. See RPC 1.9, cmt. 3. However, Plaintiff's dissatisfaction with Defendant because of his termination is not "confidential factual information" that would "materially advance" Defendant's position in this case. Id. There is no substantial risk that confidential information Plaintiff could have relayed to Ogletree about his own termination would have normally been obtained in the prior representation because the allegations concerning this case and the Ashley Matter are wholly different. Compare Compl. (docket no. 1-1) with Ashley Compl. (docket no. 13-2). After reviewing the record, the Court concludes that the Ashley Matter and this case are not factually related. Therefore, the two cases are not "substantially related" under RPC 1.9, and Ogletree may now represent Walgreen in this case. See Plein, 195 Wn.2d at 695.

(2) The Court hereby EXTENDS the following deadlines: FRCP 26(f) Conference Deadline is now April 24, 2025, Initial Disclosures Deadline is now May 8, 2025, and Joint Status Report is now due by May 8, 2025.

(3) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 27th day of March, 2025.

                                                        Ravi Subramanian
                                                        Clerk

                                                        s/Laurie Cuaresma
                                                        Deputy Clerk

MINUTE ORDER - 2